UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| KELVIN LEERDAM, | : | |
|---|---|---|
| | : | Civ. No. 17-3009 (KM) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| STEVEN JOHNSON, | : | |
| | : | |
| Respondent. | : | |

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

The petitioner, Kelvin Leerdam, is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Leerdam's petition includes a request for a protective stay of the case to allow him to exhaust one of his claims in state court. For the following reasons, his request for stay and abeyance will be granted.

### II. BACKGROUND AND PLEADINGS

In 2009, Mr. Leerdam was convicted in New Jersey Superior Court, Law Division, Bergen County, of ten criminal counts: one count of first-degree aggravated manslaughter, under New Jersey Statutes Annotated § ("N.J.S.A.") 2C:11-4(a); two counts of first-degree felony murder, under N.J.S.A. 2C:11-3(a)(3); three counts of first-degree robbery, under N.J.S.A. 2C:15-1; one count of second-degree conspiracy to commit robbery, under N.J.S.A. 2C:5-2 and 2C:15-1(b); two counts of first-degree kidnapping, under N.J.S.A. 2C:13-1; and one count of second-degree possession of a weapon for an unlawful purpose, under N.J.S.A. 2C:39-4(a). That court sentenced Mr. Leerdam to life imprisonment, with an 85% parole disqualifier. The Superior Court, Appellate Division, affirmed Mr. Leerdam's conviction and sentence, the

Supreme Court of New Jersey denied certification, and the Supreme Court of the United States subsequently denied *certiorari*.

In September 2013, Mr. Leerdam filed a petition for post-conviction relief ("PCR"), asserting that he had received ineffective assistance of both trial and appellate counsel. The Superior Court denied this petition, and the Appellate Division affirmed the result in March 2016. In June 2016, the Supreme Court of New Jersey again denied certification.

Mr. Leerdam subsequently filed this habeas petition, dated April 18, 2017 (received by the Court May 1, 2017). Mr. Leerdam lists ten grounds upon which he challenges his conviction, including prosecutorial misconduct, judicial error, and ineffective assistance of counsel. (*See* Pet., ECF No. 1; Addenda, ECF No. 1-1.) In support of his ineffective-assistance claim, Mr. Leerdam alleges that counsel coerced him not to testify at trial and failed to sufficiently investigate his alibi or locate witnesses who could substantiate it. (ECF Nos. 1, 1-1.)

Mr. Leerdam's petition acknowledges that he did not raise ground seven during his prior PCR proceeding. To explain the lapse, he states that he "just recently received affidavits from (3) alibi witnesses and is currently in the process of filing a motion for a new trial based on newly discovered evidence." (ECF No. 1 at 17.) Accordingly, as he admits, Mr. Leerdam has not exhausted all claimed grounds for relief in the state courts. He therefore "respectfully request[s] stay and abeyance until his motion for new trial based on newly discovered evidence is heard and final and until state remedies are exhausted on this ground/claim."[1] (*Id.* at 24.)

Respondent subsequently submitted a letter in opposition to Mr. Leerdam's stay request, arguing that Mr. Leerdam cannot meet the standard for a protective stay under *Rhines v. Weber*,

---

[1] Mr. Leerdam indicates that ground seven for relief is further described in Addendum I to his petition. (*See* ECF No. 1 at 16.) The version of the petition filed on the Court's docket, however, includes only Addenda A through H.

2

544 U.S. 269 (2005). (ECF No. 8.) Respondent contends that Mr. Leerdam cannot show good cause for failing to raise in PCR proceedings his claim that counsel failed to locate alibi witnesses, because he should have known about such potential witnesses all along. (*Id.* at 3–5.) Respondent also argues that Mr. Leerdam's motion for a new trial is not meritorious. (*Id.* at 5–8.) The new affidavits, Respondent says, do not provide sufficient details to prove an alibi. In addition, the "new" testimony would have been merely cumulative, as Mr. Leerdam presented other testimony at trial in an effort to establish that he was not with his codefendants at the time of the crime. (*Id.* at 5–8.) Because Mr. Leerdam was allegedly with the alibi witnesses at the time of the crime, they were necessarily known to him, and therefore their testimony cannot be considered "newly discovered evidence." (*Id.* at 7–8.) Finally, respondent asserts that any error was harmless, given the strength of the other evidence. (*Id.* at 8.)

In reply, Mr. Leerdam argues that counsel in his PCR proceeding did raise trial counsel's failure to call alibi witnesses, but was then ineffective in failing to obtain affidavits from those witnesses. (ECF No. 9, at 2–3.) Indeed, Mr. Leerdam asserts that, based on that failing, he sought removal of his PCR counsel. (*Id.* at 3–4.) He adds again that the affidavits in support of his motion for a new trial are sufficient to establish an alibi at the time of the crime. (*Id.* at 4–5.)

### III. LEGAL STANDARDS AND APPLICATION

The petition in this proceeding is presently a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982), as it contains both exhausted and unexhausted claims. *Id.* at 510, 522. When presented with a mixed petition, a court may, in certain circumstances, grant a protective stay to permit the petitioner to exhaust the unexhausted claims while suspending the running of the limitations period on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275–78 (2005). Before granting such a stay, the Court must examine whether good cause exists for the

petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is merely seeking a delay. *See Rhines*, 544 U.S. at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

Respondent raises some legitimate concerns in opposition to the granting of a stay. Nevertheless, I find that a protective stay is warranted.

First, Mr. Leerdam asserts that he had good cause for failing to introduce affidavits of alibi witnesses earlier. He states that he informed his PCR counsel of those issues, but that PCR counsel failed to pursue them in a professional manner. (ECF No. 9 at 2–4.) These contentions perhaps pose some factual issues, but counsel's ineffective assistance, assuming it occurred, would tend to suggest that there was good cause for failure to present these affidavits during PCR proceedings.[2]

Turning to the potential merit of Mr. Leerdam's alibi arguments, I do not agree with Respondent's position that the new affidavits, if accepted, could not make out a sufficient alibi defense. If credited by a fact finder, such testimony could potentially establish Mr. Leerdam's whereabouts on the night of the crime.[3] To be sure, Mr. Leerdam has some explaining to do: Why has it taken him ten years to obtain exculpatory testimony from his sister and two of his friends? That is not to say, however, that he should be denied the opportunity to explain. The

---

[2] I find the situation analogous to the circumstances in *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), under which ineffective assistance of PCR counsel may establish good cause for excusing procedural default of a claim.

[3] For example, Respondent contends that the affidavit of Sanorra Coleman, Mr. Leerdam's sister, does not account for his whereabouts after 10:40 p.m. on the night of the crime. (ECF No. 8 at 5.) Her affidavit clearly implies, however, that he spent the night at her residence. (*See* ECF No. 8-2, Ex. C.) Whether he could have left and returned after she went to sleep is certainly a question that could be explored further, but this possibility does not render such potential testimony worthless as a potential alibi.

4

merit of Mr. Leerdam's new arguments is linked to credibility issues, but I cannot state at this early stage that they are "plainly meritless." *See Rhines*, 544 U.S. at 277.

Finally, respondent does not argue that Mr. Leerdam is attempting to use these processes as a method of delay, and I can perceive no basis to believe that delay would help him.

Within my discretion, then, I will opt to grant a stay and give Mr. Leerdam the opportunity to exhaust all of his claims before the state courts before seeking plenary relief in this habeas proceeding.

### IV. CONCLUSION

For the foregoing reasons, Mr. Leerdam's motion for a protective stay of this habeas proceeding will be granted, and the proceeding will be administratively terminated. Mr. Leerdam shall file any request to reopen this action within 30 days after the exhaustion of the claims currently pending in state court. An appropriate order accompanies this opinion.

DATED: May 11, 2018

KEVIN MCNULTY
United States District Judge